## SUPERIOR COURT.

### J. McGREGORY agt. JAMES C. WILLETT, sheriff, &c.

A *sheriff's* privilege as *bail* must be commensurate with his liability. Unless otherwise provided, it seems reasonable that whenever bail given by others can be relieved, he should be.

*Bail* in general may surrender their principal after judgment and execution against the person, and the *sheriff*, when bail, is not excepted from this privilege.

Within twenty days after suit commenced against him, the sheriff can avail him-self of the 191st section of the Code, and surrender his principal in his exoneration.

*New - York Special Term, July,* 1859.

HOFFMAN, J. This is an application that the sheriff be exonerated from liability of Jacob Cohen, except upon sur-render and commitment of said Cohen by the defendant to the custody of the sheriff of the county of New-York. This action was commenced in December, 1858, to make the defend-

ant, the former sheriff, liable for an escape. The original action of the present plaintiff against Brown and Cohen was commenced in October, 1857, and an order of arrest was then obtained on the ground of a fraudulent disposition of property. Under this the defendant Cohen was arrested. On the 24th of February, 1858, judgment was obtained against both defendants; and after the return of an execution against the property, unsatisfied, Cohen was arrested upon an execution against his person, and held in custody by the present defendant, the then sheriff of New-York. About the 10th of December, 1858, he escaped, and was suffered by the defendant to go at large.

It appears that Cohen was committed to close custody, and broke jail without the privity or knowledge of the defendant. The defendant in his affidavit swears that since the commencement of the action Cohen has been retaken by the defendant, and lodged in the jail of the county of New-York, and is now in custody of the sheriff, upon a surrender and commitment by the defendant in exoneration. Also, that the said Cohen is utterly insolvent.

The present sheriff certifies that Cohen is in his custody, upon the committitur of the present defendant, in his exoneration in a suit of McArthur and others in the supreme court. The committitur endorsed on the execution in this suit is dated 23d of May, 1859. The office of the defendant as sheriff expired on the 31st of December, 1858. Kelly succeeded in his place.

By an order of the 24th of May, 1859, the time for the surrender of Cohen was extended for twenty days, with a reservation of all questions as to the right of the defendant to make such a surrender. It seems that the surrender was actually made on the 24th of May.

The affidavit of the attorney, as to his information that the present sheriff had denied holding upon the surrender in this suit, cannot countervail the legal effects of the copy the execution and surrender in this suit, served upon the present sheriff, if the defendant has the right to make such surrender.

The sheriff must be bound by the detainer, whatever becomes of the execution in the other suit.

The right of bail to surrender their principal was originally *ex gratia* only. It grew to be considered as a right. (*Petersdorf on Bail*, 397; *Brownlow* agt. *Forbes, Johnson's Rep.* 101.)

It was to be exercised as a matter of right before return of a *ca. sa.* against the principal. A surrender after this grew from a matter of privilege into merely a matter of right.

By the Code, in case of an escape, or bail not having been given, the sheriff is responsible as bail (§ 201), and he would be proceeded against as such upon his official bond. (9 *Howard*, 180, 188.)

His privilege as bail must be commensurate with his liability. Unless otherwise provided, it seems reasonable that whenever bail given by others can be relieved, he should be.

Bail in general may surrender after judgment and execution against the person. Is the sheriff, when bail, excepted from this privilege? (§ 191.)

There is nothing to constitute such an exception in the language or spirit of the Code.

In *Buckman* agt. *Gourley* (9 *Howard*, 180), it was expressly held that the sheriff could avail himself of the 191st section, and surrender his principal in his exoneration within twenty days after suit was commenced against him.

The application is made in due time, under the Code and the order of special term of 24th May, 1859.

I think the statute referred to, as to assignment of persons to a new sheriff (2 *Rev. Stat.* 439, § 67), has no application.

Motion granted, order to be drawn and settled on motion.