ALICE DOUGLAS *v.* JOSEPH S. HABERSTRO, as Sheriff, etc., Appellant.

An omission in an execution of a teste, in the name of a judge of the court, or of a direction as to the time of its return required by the Code of Civil Procedure (§§ 23, 1366), is a mere irregularity, which may be amended or disregarded, and of which the sheriff, either in his official character or as bail, cannot take advantage.

Defendant, a sheriff, under an order of arrest, issued in an action brought by plaintiff against W., arrested the latter and discharged him on his giving bail. The sureties were excepted to and failed to justify. In an action to enforce defendant's liability as bail, the complaint alleged the recovery of a judgment against W., the issuing of an execution against his person, on March 17, 1879, and its return by the sheriff "defendant not found" on April 3, 1879. The answer alleged in substance that said execution was returned by the deputy sheriff without the knowledge or consent of the defendant at the request and by the direction of plaintiff's attorney, in order that this action might be commenced. On the trial defendant offered to prove this portion of the answer, but the proof was rejected as constituting no defense. *Held* error; that the answer should be read in connection with the allegations of the complaint ; that the direction to plaintiff's attorney to return at the time it was made, when the defendant had more than forty days remaining within which to produce his prisoner, was a direction to prevent service of the execution, and so was a defense under the provision of the Code of Civil Procedure (§ 599), specifying defenses in actions against bail ; that it is not essential to a defense under said provision to allege or prove that the direction was fraudulent or collusive.

*It seems* that a sheriff's defense as bail is not limited by said provision ; he has all the rights and privileges of bail (Code, § 595) and is entitled to the benefit of any other defense sufficient within recognized rules and properly pleaded.

Also *held*, that treating the act of the deputy as that of defendant, still the defense was good ; that the direction to return the execution was a waiver of defendant's liability as bail ; that the provisions of the Code (§§ 595, 598) prescribing the duties and liabilities of a sheriff upon an execution do not make that officer liable to a party giving directions which prevent service of the writ because of obedience to such directions.

*Douglas* v. *Haberstro* (25 Hun, 262), reversed.

(Argued March 23, 1882 ; decided April 11, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of plaintiff,

entered upon an order made October 28, 1881, which denied a motion for a new trial and directed judgment on a verdict, exceptions having been ordered to be heard at first instance at General Term. (Reported below, 25 Hun, 262.)

This action was brought against defendant, as sheriff of the county of Erie, to enforce an alleged liability as bail.

The complaint alleged, and plaintiff's evidence on the trial showed that plaintiff commenced an action in tort against one Warren; that an order of arrest was issued therein which was delivered to defendant who arrested Warren, the latter was discharged on giving bail, the bail were excepted to, but neglected to justify, plaintiff recovered judgment against Warren, a property execution was issued thereon, upon its return unsatisfied, and as the complaint alleges on March 17, 1879, an execution against the person of Warren was issued to defendant which was returned by him April 3, 1879, "defendant not found."

Neither of the executions were tested, and the body execution did not specify the time when it was returnable, but simply directed a return thereof "as required by law."

The third count or defense in defendant's answer alleged in substance that said execution was returned by defendant's deputy sheriff or under sheriff having the same in charge "at the request and by the direction of the plaintiff in said execution and this action, without the knowledge, privity or consent of defendant, * * * that said plaintiff's attorney * * * * * requested and directed said execution to be so returned that he might commence this action against defendant, and that in form the law might seem to be complied with," etc.

Upon the trial defendant offered to prove said answer; this was objected to as constituting no defense, and the proof was excluded; defendant's counsel duly excepted.

*Adelbert Moot* for appellant. Defendant, being liable as bail, is entitled to all their rights and privileges, and is burdened with their obligations. (Code of Civil Proc., §§ 573, 595; *Clapp* v. *Schutt*, 44 N. Y. 104.) Assuming that the notice of no acceptance of bail was properly served, then Haberstro became

Warren's bail with exactly the obligations of Bedford and Phillips. (Code, §§ 587, 595.) The omission of the teste and direction to return in the execution rendered it void. (New Code, §§ 23, 24, 1364; Code, § 1366; 3 Abbott's Forms, 2, 408; *Parke* v. *Church*, 5 How. 381; *Clark* v. *Miller*, 18 Barb. 269; *Farnham* v. *Hildreth*, 32 id. 277; 2 Kebb, 705, pl. 69; 844, pl. 81; 3 id. 213; 6 Rep. 54; *Turner* v. *Felgate*, 1 Lev. 95; 1 Sid. 292; *Parsons* v. *Loyd*, 3 Wils. 341, 345; *Woodcock* v. *Bennett*, 1 Cow. 735; 2 Tidd, 1029; *Read* v. *Markle*, 3 Johns. 518; *Barker* v. *Braham et al.*, 3 Wils. 368; *Corwin* v. *Freeland*, 6 How. Pr. 253; *Carnick* v. *Meyers*, 14 Barb. 1.) The sheriff, in collecting an execution, acts as the officer of the court whose process it is, and also as the agent, appointed by law, of the party who seeks by aid of the writ to obtain satisfaction of the debt or thing awarded by the judgment. (*Nelson* v. *Kerr*, 59 N. Y. 225; *Parsons* v. *Loyd*, 3 Wils. 341; *Woodcock* v. *Bennett*, 1 Cow. 735; *Barker* v. *Norwood*, 3 Wils. 368; *Spencer* v. *Cuyler*, 17 How. Pr. 601; *Tyler* v. *Willes*, 33 Barb. 332; *Fenton* v. *Flagg*, 24 How. Pr. 502; *Farqueharson* v. *Kimball*, 18 id. 36; New Code, § 597; *Gorham* v. *Gale*, 7 Cow. 739; Crocker on Sheriffs, § 850; *Homan* v. *Liswell*, 6 Cow. 660; *Cornell* v. *Barnes*, 7 Hill, 35; *Mickles* v. *Hart*, 1 Denio, 548; *Corning* v. *Southland*, 3 Hill, 552; *Walter* v. *Sykes*, 22 Wend. 536; *Boot* v. *Wagner*, 30 N. Y. 1; *Humphrey* v. *Hathorn*, 24 Barb. 278; *Wehle* v. *Conner*, 69 N. Y. 550; 3 R. S. [6th ed.], §§ 10, 15; New Code, §§ 578–580, 587; *B'k of Havana* v. *Magee*, 20 N. Y. 355.) The defendant is not estopped from setting up the void character of the process, or directions given about their return, as a defense in this action. (*Baker* v. *The Union Mut. L. Ins. Co.*, 43 N. Y. 289; Dunlap's Paley on Agency, 261; *Hutchins* v. *Hubbard*, 34 N. Y. 24; Story on Agency, § 140.)

· *John Campbell Hubbell* for respondent. Defendant was liable as bail, and the complaint as drawn, and the action as brought, indicates that it was to enforce his liability as such. (Code of Civil Procedure, § 587; *Bartlett* v. *Crozier*, 17 Johns.

438; *Austin* v. *Goodrich*, 49 N. Y. 266; *Tugman* v. *Nat. Stmshp. Co.*, 76 id. 207; *Dunford* v. *Weaver*, 84 id. 446; 19 Hun, 1; 21 id. 320; 1 Abbott's Forms, 428, No. 523; *Metcalf* v. *Stryker*, 10 Abb. 12; 31 N. Y. 227, 255; *Bensel* v. *Lynch*, 44 id. 162, 165.) Notice of exception to bail was properly served at sheriff's official place of business, upon his under sheriff in charge thereof. (2 R. S. [Edmunds' ed.] 296, §§ 54, 55, 56; 2 R. S. 285, § 55; *Dunford* v. *Weaver*, 21 Hun, 251; *Manning* v. *Keenan*, 73 N. Y. 45, 53; *France* v. *Hamilton*, 26 How. 180; *People, ex rel. Metcalf*, v. *Dikeman*, 4 Keyes, 93, 107.) The property and body executions were valid and the objections thereto were properly overruled. (Code of Civil Procedure, §§ 23, 24; *Holmes* v. *Williams*, 3 Caines, 98; *Bissell* v. *Kip*, 5 Johns. 96; *Jones* v. *Cook*, 1 Cow. 309; *Porter* v. *Goodman*, id. 413; *Ross* v. *Luther*, 4 id. 163; *Jackson* v. *Culver*, id. 550; *People* v. *Dunning*, 1 Wend. 18; *Williams* v. *Hogeboom*, 22 id. 648; *Pierce* v. *Crane*, 4 How. 260; *Park* v. *Church*, 5 id. 383; *Carpenter* v. *Simmons*, 28 id. 13; *Abels* v. *Westervill*, 15 Abb. 233; *Dominick* v. *Eacker*, 3 Barb. 17.) The omission of the teste does not invalidate an execution, and such defect is amendable. (*People, ex rel. Brown*, v. *Van Horsen*, 62 How. Pr. 76; *People, ex rel. Utley*, v. *Seaton, Sheriff*, 13 N. Y. Weekly Dig. 240; Code of Civil Procedure, § 1372; *Hill* v. *Haynes*, 54 N. Y. 153; *Dunn* v. *Lebony*, 1 N. J. Law [1 Coxe], iii; *Hutchenson* v. *Brand*, 9 N. Y. 208; *Bank of Genesee* v. *Spencer*, 18 id. 150, 153; *Jackson* v. *Conlon*, 4 Cow. 550; *Sears* v. *Burnham*, 17 N. Y. 448; *Thompson* v. *Sargent*, 15 Abb. 452; *Woster* v. *Wuterick*, 2 Abb. N. C. 206; *Boyd* v. *Vanderbilt*, 1 Barb. Ch. 274; *Williams* v. *Hogeboom*, 22 Wend. 468; *Wondbrener* v. *Johnson*, 7 Abb. [N. S.] 202; *Inman* v. *Grewold*, 1 Cow. 199; *Chichester* v. *Cande*, 3 id. 39–42.) The court had power to amend the execution. (Code of Civil Proc., §§ 722, 723, 724, 1303; *Pierce* v. *Crane*, 4 How. 360; *Niadero* v. *Viadero*, 7 Hun, 316; *Bissell* v. *Kip*, 5 Johns. 96–99; *Scott* v. *Shaw*, 13 id. 378; *Hinman* v. *Brees*, id. 531; *Cable* v. *Cooper*, 15 id. 154; *Jones* v. *Cook*, 1 Cow.

309; *People* v. *Dunning*, 1 Wend. 18; *Ames* v. *Webber*, 8 id. 545; *Chapman* v. *Dyett*, 11 id. 33; *Parmlee* v. *Hitchcock*, 12 id. 98; *Walden* v. *Davidson*, 15 id. 574; *Berry* v. *Riley*, 2 Barb. 307; *Tylor* v. *Willis*, 33 id. 327; *Blevir* v. *Bleakely*, 23 How. 224; *Bacon* v. *Cropsey*, 3 Seld. 195; *Reynolds* v. *Corp.*, 3 Caines, 270; *Jones* v. *Cook*, 1 Cow. 309; *Bissell* v. *Kip*, 5 Johns. 96; *Hennman* v. *Brees*, 13 id. 531; *The People* v. *Dunning*, 1 Wend. 18; *Roth* v. *Schloss*, 6 Barb. 308, 32; *Harrison* v. *Wilkin*, 78 N. Y. 390; *Dodge* v. *Brown*, 9 N. Y. Week. Dig. 494; *James* v. *Gurley*, 48 N. Y. 163; *Gregory* v. *Levy*, 7 How. 37; *Jewett* v. *Crane*, 37 id. 680; *Forsyth* v. *Campbell*, 15 Hun, 235; *Dunford* v. *Weaver*, 21 id. 349; 84 N. Y. 446; *Bensel* v. *Lynch*, 44 id. 162; *Bostwick* v. *Goetzel*, 57 id. 582; *Harreson* v. *Wilkin*, 69 id. 412; *Hutchinson* v. *Brand*, 9 id. 208; *B'k of Genesee* v. *Spencer*, 18 id. 150, 153; *Sears* v. *Burnham*, 17 id. 448; *Barker* v. *Binninger*, 14 id. 280; *Kelly* v. *McCormick*, 28 id. 318; *Dodges* v. *Brown*, 9 N. Y. Week. Dig. 494; *N. Y. Guaranty & Indemnity Co.* v. *Rogers*, 71 N. Y. 377; *Benedict & Burnham Manuf. Co.* v. *Thayer*, 20 Hun, 547; 21 id. 615; *People, ex rel. Brown*, v. *Van Housen, Sheriff*, 62 How. Pr. 79; *James* v. *Gurley*, 48 N. Y. 163.) No demand was required to be made upon the sheriff for the amount of the undertaking of bail. (*Manning* v. *Keenan*, 73 N. Y. 63; *Atkins* v. *Elwell*, 45 id. 753; *Gregory* v. *Levy*, 7 How. 37; 12 Barb. 610; *Jewett* v. *Crane*, 35 id. 208; *Bensel* v. *Lynch*, 44 N. Y. 162; *Cozine* v. *Walter*, 55 id. 304; *Metcalf* v. *Stryker*, 31 id. 255; *Nelson* v. *Kerr*, 69 id. 224.) The certificate, or paper, signed by the county judge, "in the *Matter of William T. Warren, an alleged inebriate*," was entirely immaterial, and the proceedings therein or thereupon could not affect the rights of this plaintiff. (Laws of 1873, chap. 625, § 17; *Brown et al.* v. *Tracy*, 9 How. 93; *Cable* v. *Pettibone*, 4 Comst. 300; *Toll* v. *Alvord*, 64 Barb. 568; *Bullymore* v. *Cooper*, 46 N. Y. 236, 242; *Bennett* v. *Burch*, 1 Denio, 141; *Jackson* v. *Smith*, 5 Johns. 115; *Van Slyck* v. *Taylor*, 9 id. 48; *Palmer* v. *Hatch*, id. 359; Code

of Civil Proc., § 599.) Proof that "directions, etc., were given to prevent service of the executions" was not competent under a general or special denial, it was "new matter," incompetent unless put in issue, and the use in complaint of the word "duly" does not affect this rule. (Code of Civil Proc., §§ 500, 599; *Richtmyer* v. *Remsen*, 38 N. Y. 206; *Brazell* v. *Isham*, 12 id. 9, 17; *Bishop* v. *Earl*, 17 Wend. 316; *Bradley* v. *Bishop*, 7 id. 353; *McKyring* v. *Bull*, 16 N. Y. 297; *Graham* v. *Harrower*, 18 How. 144; *Richtmyer* v. *Remsen*, 38 N. Y. 206; *Kiffen* v. *McConnell*, 30 id. 290; *Eldridge* v. *Mother*, 2 id. 157; *Paige* v. *Willett*, 33 id. 28, 31; *Fox* v. *Gumstead*, 10 Barb. 321; *Travis* v. *Barger*, 24 id. 614; *Beaty* v. *Swarthout*, 32 id. 293; *Wright* v. *Delafield*, 25 N. Y. 270; *Forbes* v. *Waller*, id. 437; *Bartlett* v. *Crozier*, 17 Johns. 437, 461; *Austin* v. *Goodrich*, 49 N. Y. 266; *Porter* v. *Kingsley*, 5 Hun, 597; affirmed, 71 N. Y. 588; *Graham* v. *Machado*, 6 Duer, 516; *Mayor, etc.* v. *Doody*, 4 Abb. Pr. 127; *Murray* v. *N. Y. L. Ins. Co.*, 12 N. Y. Weekly Digest, 232; *Banfield* v. *Haeger*, 7 Abb. N. C. 318.) The facts constituting a defense (Code of Civil Proc., § 599), if pleaded (id., § 500), not appearing even by amended answer, could not be proved on the trial. (*Cole* v. *Smith*, 4 Johns. 193; *Monell* v. *Fuller*, 7 id. 402; 8 id. 217; *Bayard* v. *Smith*, 17 id. 88; *Smith* v. *Lockwood*, 13 Barb. 216; *Brown* v. *Harmon*, 21 id. 508; *McKarg* v. *Eastman*, 35 How. 206; *Bartlett* v. *Crozier*, 17 Johns. 437, 461; *Austin* v. *Goodrich*, 49 N. Y. 266; *Leffler* v. *Field*, 52 id. 621; *Dudley* v. *Scranton*, 57 id. 424–429; *Dubois* v. *Hermance*, 56 id. 673; *Barber* v. *Morgan*, 61 Barb. 116; *James* v. *McKernnon*, 6 Johns. 563; *Perkins* v. *Giles*, 53 Barb. 342; *Richtmyer* v. *Remsen*, 38 N. Y. 206; *Field* v. *The Mayor*, 2 Seld. 178; *Bristol* v. *The R. & S. R. R.*, 9 Barb. 158; *Wright* v. *Delafield*, 24 N. Y. 266; *Seward* v. *Torrence*, 3 Hun, 220; *Brazell* v. *Isham*, 2 Kern. 1; *Sheldon* v. *Payne*, 3 Seld. 452; 6 id. 398; *Rose* v. *Campbell*, 19 Hun, 615; *Forbes* v. *Waller*, 25 N. Y. 430; *Townsend* v. *Oler*, 5 Wend. 209; *Baker* v. *McDuffie*, 23 id. 289; *Russell* v. *Margerson*, 11 Barb. 423; *Sheldon* v. *Pease*, 3 Seld.

Statement of case.

463 ; *Cozine* v. *Walter*, 55 N. Y. 304; *Spencer* v. *Cuy-
ler*, 1 How. 160; Code of Civil Proc., § 598; Crocker on
Sheriffs, § 46; *Bradley et al.* v. *Bishop*, 7 Wend. 353 ;
*Sheridan* v. *Jackson*, 72 N. Y. 170; *Hammond* v. *Earl*, 58
How. 426.) The court must adopt the construction of the
answer which is most unfavorable to the pleader. (*Ferris* v.
*N. Am. F. Ins. Co.*, 1 Hill, 71; *Slocum* v. *Clarke*, 2 id. 475 ;
*Beach* v. *Bay State Co.*, 10 Abb. Pr. 71; *Winter* v. *Baker*,
50 Barb. 433 ; *Burger* v. *Koop*, 48 N. Y. 231 ; *Cruger* v. *Glass*,
19 Barb. 185, 240 ; *Cruger* v. *The Hudson R. R. Co.*, 14 N. Y.
190, 201 ; *Powers* v. *Rome*, *W. & O. R. R.*, 5 T. & C. 449 ;
*Spear* v. *Downing*, 34 Barb. 523 ; *Hosley* v. *Black*, 28 N. Y.
438.) The offer by defendant to show directions, etc., by
plaintiff's counsel was incompetent and properly excluded.
(*Eaton* v. *Smith*, 1 E. D. Smith, 318; *Brady* v. *The Mayor*, 1
Sandf. 569; Graham's Pr. [2d ed.] 50, 51; *Trippe* v.
*Debow*, 5 How. 114; *Chadwick* v. *Snediker*, 26 id. 60 ; *Webb*
v. *Dill*, 18 Abb. 264; Code of Civil Procedure, §§ 55, 541 ;
*Kelsey* v. *Western*, 2 Comst. 506 ; *Walter* v. *Bennett*, 16 N.
Y. 251 ; *Gasper* v. *Adams*, 28 Barb. 444; *Moore* v. *McKib-
bins*, 33 id. 246; *Sinclair* v. *Hill*, 1 Hun, 80; *Schuyler* v.
*Meyers*, 5 Lans. 170; *Beard* v. *Gates*, 2 Hun, 466 ; *Lord* v.
*Lindsay*, 18 id. 485.) It is a violation of the plain intent of
the statute to permit a sheriff to relieve himself from his
statutory liability as bail, where he has directly violated his
duties as sheriff. (*Ball* v. *Pratt*, 36 Barb. 409; Code of
Civil Procedure, § 598 ; *Bishop* v. *Bradley*, 7 Wend. 353 ;
*Bissell* v. *Kip*, 5 Johns. 96 ; *Mahoney* v. *The People*, Sup.
Ct. [T. & C.] 4 ; *Ingersoll* v. *Bostwick*, 22 N. Y. 425; *Chester*
v. *Dickenson*, 54 id. 15; *Sheridan* v. *The Mayor*, 4 N. Y.
W'kly Dig. 507 ; *Tomlinson* v. *The Mayor, etc.*, 44 N. Y. 601 ;
*Irvine* v. *Driggs*, 69 id. 147; *Emmons* v. *Wheeler*, 3 Hun,
544; *Bowman* v. *Cornell*, 39 Barb. 72 ; *Cozine* v. *Walter*, 55
N. Y. 309, 310 ; *Hofheins* v. *Campbell*, 54 id. 269; *Swezey*
v. *Lott*, 22 id. 484; *Hoffman* v. *Conner*, 13 Hun, 542; *Led-
yard* v. *Jones*, 7 N. Y. 553 ; *Barker* v. *Benninger*, 14 id.
270 ; *Flanagan* v. *Tinen*, 53 Barb. 587.)

FINCH, J. This action must rest upon the sheriff's liability as bail. It was so treated by the court and by the counsel upon the argument before us. A *prima facie* case was established against the defendant, and the questions to be considered grow out of the defenses which he sought to interpose.

They began with an attack upon the executions. Neither of them were tested in the name of any court or judge, and the body execution did not direct the time for its return. (Code, §§ 23 and 1366.) These omissions are claimed to have made the process void. We think they were merely irregularities which might be amended or disregarded, and of which the sheriff, either in his official character or as bail, could not take advantage. (*Hill* v. *Haynes*, 54 N. Y. 153; *Bank of Genesee* v. *Spencer*, 18 id. 150; Code, § 723; *Kelly* v. *McCormick*, 28 N. Y. 318; *Bensel* v. *Lynch*, 44 id. 162; *James* v. *Gurley*, 48 id. 163.) These questions have been very elaborately argued, and with an exhaustive review of the authorities, but the conclusion we have stated seems to us so well established as to make discussion unnecessary.

A much more serious question grows out of defendant's third answer. It was held to constitute no defense, and his offer to prove it was rejected. That defense, as pleaded, was in substance that the execution against the person was returned by the deputy sheriff, at the request and by the direction of the plaintiff's attorney, in order that this action might be commenced, and in form the law seem to be complied with, and that this was done without the knowledge or consent of the defendant. This answer must be read in connection with the allegations of the complaint. That asserts the recovery of a judgment, the issue of an execution against the person of the judgment debtor on the 17h day of March, 1879, and its return by the sheriff, "defendant not found," on the third of April following. It is this return, made upon such date, to which the answer refers and over which it raises the question of plaintiff's interference. It must be taken then to allege that the execution was returned on the 3d of April, 1879, defendant not found, "at the request and by the direction" of

the plaintiff's attorney; that it was so returned by a deputy or under sheriff without the knowledge or consent of defendant; and that the return was thus made to enable the plaintiff to fix the sheriff as bail through a seeming compliance with the law.

All the proof offered under this answer was excluded. So far as the offers made went beyond the allegations of the answer they were properly rejected for that reason. But there remained a distinct offer to prove the facts alleged in the answer, which was overruled on the ground of insufficiency. The question, therefore, is fairly presented whether such answer constituted a defense, and whether upon its facts the sheriff was released from his liability as bail.

It seems to have been partly assumed by the court below, and is fully claimed in the argument here, that the sheriff's defense as bail is limited by section 599 of the Code, and that he cannot be freed from liability except upon facts which bring him within those provisions. It has been often decided that where the sheriff has become liable as bail he has all the rights and privileges of bail, and the rule of the courts in this respect has been made a positive statute in the Code. (*Brady* v. *Brundage,* 59 N. Y. 310; *McGregory* v. *Willett,* 17 How. Pr. 439; Code, § 595.) Section 599 does not purport to limit or restrict these rights. It does not profess to define what all of them are. It provides that " in an action against bail, it is a defense," among other things, " that a direction was given, or other fraudulent or collusive means were used, by the plaintiff or his attorney, to prevent the service " of the execution. By this section certain facts occurring are specifically declared to constitute a defense. It is not said, nor is it the import of the provision, that nothing else shall be. It does not restrict the general words of section 595, which confer upon the sheriff liable as bail, all the rights and privileges of bail. The defendant therefore, was not bound to conform his pleading to the precise terms of that section, and bring himself literally within them, as a condition of exemption from liability. If he had any other defense, sufficient within recognized rules, and properly

pleaded, he was entitled to its benefit, although in greater or less degree it varied from those declared to be such by the Code.

It is not necessary, however, to rest the defense pleaded upon grounds independent of the section referred to. That provides that a direction by the attorney in the execution to prevent its service shall constitute a defense. It is said that such direction must be fraudulent or collusive and the fraud must be alleged. But section 599 was not a new enactment. It was taken, substantially, from a similar provision in the Revised Statutes. (2 R. S., part 3, chap. 6, tit. 6, §§ 31, 32, 33.) It is said by its compiler to be section 33 of the Revised Statutes, "modernized." The changes are slight and merely verbal; and the two enactments are so far identical that the construction of the original is entirely applicable to the copy. Such a construction was early adopted. (*Bradley* v. *Bishop*, 7 Wend. 353; *Bishop* v. *Earl*, 17 id. 317.) The first of these cases analyzes section 33 and states separately the four different defenses available under it to the bail. The third of these is stated to be, that directions were given by the plaintiff or his attorney to prevent the service of the writ; and the fourth, that any other fraudulent or collusive means were used to prevent such service. This case was decided just after the revision, and six years later, in the second of the cases cited, it was expressly held that a direction to the sheriff to prevent the service of the writ was a defense to the bail, although neither fraud nor collusion were alleged. We see no reason for disagreeing with that interpretation. It held that the plaintiff, for whose benefit the writ was issued, had the right to control it, and where he gave a controlling direction which altered the sheriff's duty, the bail were to be protected. The answer we are considering alleged that the execution was returned "not found," at the request and by the direction of the plaintiff's attorney. This was sufficient without an allegation of fraud or collusion.

But it is said to be insufficient because it did not allege that the direction was given to prevent service of the process. The return *non est*, etc., at its date, did prevent such service,

and the direction dictated the return. When made, the sheriff had more than forty days remaining of the sixty within which he was at liberty to produce his prisoner. The direction to return, at the time it was given, that the debtor could not be found was, on its face, a direction to prevent the service of the writ. But the answer alleges the intent with which the direction was given. It pleads that it was to enable the plaintiff to sue the sheriff for the non-appearance of his prisoner. It was to fix him as bail. The averment of that intent necessarily involves a purpose in the direction to prevent the service of the process. Only in that event could the sheriff be sued as bail. So that the answer substantially alleged a direction which must necessarily have required an omission to serve the writ and a purpose and intent to sue the sheriff as bail, on account of such omission.

We think, therefore, that the answer was good and alleged a defense. We may treat the act of the deputy or under sheriff as that of the sheriff, as the plaintiff claims that we should. Then the facts alleged are, that in a case where the sheriff was liable as bail; where he had forty days within which to produce the prisoner; where, as bail, he could arrest him anywhere in the State and put him in custody in his own county; where, for all that appears, such course was open to him and his protection assured, comes the plaintiff's attorney, having the right to direct as to the execution or non-execution of the process, (*Root* v. *Wagner*, 30 N. Y. 1; *Nelson* v. *Kerr*, 59 id. 225), and orders the sheriff, forthwith, to return the execution " defendant not found ; " the sheriff obeys the direction and makes the return, in obedience to the command, and then is sued as bail, because he did not find and arrest the debtor. We think, in such a case, that the direction given by the plaintiff is a waiver of the sheriff's liability as bail. It is difficult to construe it otherwise. The sheriff is liable as bail for not finding the debtor; he does not find him because the plaintiff told him not to; and then the plaintiff sues him for obeying his direction. His counsel, in a brief prepared with great care and industry, puts the case thus·: He says the action was brought upon an

express contract to pay $1,200, in case Warren was not taken upon the issue of a body execution. If that be granted, it was still competent for the plaintiff to waive the liability and excuse non-performance of the condition, and if that non-performance is occasioned by his own act or direction he certainly can have no action therefor.

But it is further argued that the sheriff was at liberty to disregard the direction, and that it was his duty to do so, and we are referred, in that connection, to two other sections of the Code (§§ 595, 598). By the first of these it is provided that " the sheriff must diligently endeavor to enforce an execution issued and delivered to him * * * notwithstanding any direction he may receive from the plaintiff or his attorney." The same provision existed in the Revised Statutes, and never yet has been held to neutralize the specific provision making a direction to the officer, which prevents service of the writ, a defense to the bail, when the order emanates from the plaintiff in the execution. This provision fixes the sheriff's duty as between himself and any person other than the plaintiff giving the directions. It does not make the officer liable to the party who directs because of obedience to the directions. The other section referred to, after giving to the sheriff liable as bail the rights and privileges of bail, closes with a proviso that the section shall not apply " to a case where a defense arises to an action against the bail in consequence of an act or omission of the sheriff." It is not necessary now to say what the precise scope of this provision is. It is enough that it does not reach the present case, for here the defense arises, not out of the act or omission of the sheriff, but out of the act of the plaintiff, exercised through his attorney.

We are of opinion, therefore, that the defense pleaded was good, and the defendant should have been allowed an opportunity to prove it.

Judgment reversed, and new trial granted, costs to abide the event.

All concur.

Judgment reversed.