FANNY H. THOMAS AND JOSEPH THOMAS, AS EXECUTORS
OF MARY THOMAS, DECEASED, RESPONDENT, v. ANDREW
D. BOGERT, APPELLANT, IMPLEADED, ETC.

*Execution — it ceases to be operative after a sale has been made thereunder — the
attorney issuing it cannot thereafter withdraw it.*

In an action brought against Abraham Thomas and Horace Crandall a warrant
of attachment was issued and a levy thereunder made upon the interest of
Thomas in certain real estate, he being a non-resident.   Thereafter the sum-
mons was served upon him personally, and on June 22, 1880, a judgment was
entered against him.   February 17, 1881, an execution, general in its character
and not in the form prescribed by section 1370 of the Code of Civil Procedure,
was issued thereon, under which the attached premises were on April sixth
sold to one of the plaintiffs in the action, for fifty dollars.   On April nineteenth
the attorney for the plaintiffs discovered that the attachment was invalid and
countermanded the execution theretofore issued.   He then issued a new execu-
tion under which the premises were on May 31, 1881, sold to the same pur-
chaser.   No sheriff's certificate was ever issued under the first sale.

In an action brought by one to whom Thomas had sold the premises prior to
the time of the first sale, to have the second sale canceled and to be allowed
to redeem from the first sale upon complying with the provision of the statute
relating thereto:

*Held*, that the relief asked for should be granted.

That after the sale under the first execution had actually been made, the plaintiffs'
attorney could not withdraw the execution by reason of any defects or
irregularity existing therein, or in any way affect the sale that had been made
thereunder.

APPEAL from a judgment, entered upon the trial of the action at
a Special Term.

By the judgment the plaintiff was permitted to redeem from a
sale under execution, certain property claimed to have formerly
belonged to one Abraham Thomas.   The execution, under which
the sale was made from which the plaintiff was permitted to redeem,
was countermanded soon after the sale was had ; no sheriff's certifi-
cate having been issued.   The property was subsequently sold under
another execution issued on the same judgment.

*George A. Strong*, for the appellant.

*Hamilton Wallis*, for the respondent.

BRADY, J.:

It appears herein that Andrew D. Bogert and Jacob G. Bogert
commenced an action in this court against Abraham Thomas and

Horace Crandall to recover a sum of money with interest. The defendant Thomas being a non-resident, an attachment was obtained and a levy made upon his interest in certain real estate in this city. The summons and complaint were actually served upon him personally on the 12th of February, 1880, and such proceedings were had that a judgment was entered against him on the 22d of June, 1880, for $3,080.80.

An execution, general in character, was issued thereupon to the sheriff of this county, bearing date the 17th of February, 1881, and subscribed by Thomas M. Wheeler as the plaintiffs' attorney. Upon receiving the execution the sheriff duly advertised for sale, on the 30th of March, 1881, whatever interest Thomas had in the property attached. On the sixth of April following, to which time the sale had been adjourned, the property mentioned was sold to Andrew D. Bogert for fifty dollars. Prior to this sale, however, and it would appear prior to the issuing of the attachment, the defendant Thomas and wife conveyed their interest in the property mentioned to Mary Thomas, the plaintiff in this action, by deed which was duly recorded in the office of the register of this county. On the 19th of April, 1881, Wheeler, the attorney for the plaintiffs in the attachment suit, having, as it is alleged, discovered that the attachment was invalid, countermanded it, but this, as it will have been discovered, was several days after the sale was made by the sheriff. He then issued an execution, proper in form and regular, under which the property was again advertised for sale and sold on the 31st of May, 1881, to Andrew D. Bogert, the certificate of which sale was given to the purchaser by the sheriff. No certificate was given by the sheriff upon the first sale as provided by law. Since the judgment in this action, Jacob G. Bogert, one of the defendants, died, and Mary Thomas, the plaintiff, died, but the action has been revived and continued by her executors, who are now the plaintiffs in this action, and it has also been revived against the survivor of Jacob G. Bogert.

Mary Thomas in her lifetime began this action for the purpose of procuring a judgment of this court by which the second sale mentioned should be adjudged to be null and void, and she declared to have redeemed the premises from the first sale as the owner thereof, having duly tendered, according to the statute in such case made

and provided, the amount which was bid for the premises upon the first sale with the interest. She was the grantee of the judgment-debtor and claimed that she had, under sections 1446 and 1447 of the Code, the right to redeem within one year upon the payment of the amount paid upon the sale, with interest at the rate of ten per cent per annum.

It does not seem to be disputed that the plaintiff was the grantee of the judgment-debtor, nor does it seem to be questioned that the proper tender was made to the sheriff. The learned court below found in favor of the plaintiffs, decreeing the relief asked. It is insisted, however, that the plaintiffs are not entitled to judgment, because the first execution, under which the sale was made and of which the redemption is predicate, was invalid, for the reason that the execution was a general one and was unauthorized by the statute, and for the further reason that it was countermanded, as already suggested, before any certificate was given, and therefore before the sale which took place under it was consummated by the usual ceremonies which mark such a proceeding.

It is claimed also by the appellant that the right to countermand the execution existed at the time that proceeding was initiated or attempted, and certain cases which are supposed to establish that proposition are referred to. It is sufficient to say of them that in each case the countermand was made before the execution was exhausted by the exercise of the power conferred; in other words, before a sale under it took place.

It is said in *Jackson* v. *Anderson* (4 Wend., 480), that an execution may at any time be countermanded by the attorney who issued it, and the sheriff is bound to obey his instructions and to suspend proceedings upon the execution whenever he is directed to do so. And this broad statement of the proposition has crept into the text books, but the case itself is not an authority for such a proposition. It seems to be *obiter dictum*, but if it be not is not warranted at all events by the facts in the case as the result of a consideration of any question involved in it. But limiting it as it doubtless must be limited, and as it was intended to be applied, it has no relevancy to the question in hand, for the reason that the execution in this case, a sale having taken place, was *functus officio*. What the sheriff was to do was regulated by statute as upon a sale made under an execution; and the plaintiff's claim rests upon the fact that a

sale had been made. The office of the execution was fully performed and new rights had consequently accrued.

The asserted countermand, therefore, avails the defendants nothing. It was not what it purported to be either in law or in fact. The execution, although not in strict conformity to section 1370 of the Code, which for the judgment herein considered requires what has been designated as a special execution, is nevertheless voidable only. It was based on a valid judgment, and being but voidable could be assailed only by the judgment-debtor so far as the revealed facts affect the views to be pronounced herein. These doctrines have been declared in several cases. In *Jackson* v. *Bartlett* (8 Johns., 361), it was held that an execution issued after a year and a day, and without a revival of the judgment by *scire facias*, was only voidable at the instance of the party against whom it was issued. That case was cited and approved in *Jackson* v. *Rosevelt* (13 Johns., 102), and the doctrine reaffirmed. See, also, *Bacon* v. *Cropsey* (7 N. Y., 195); *Horton* v. *Borthwick* (15 N. Y. Dig., 309;) *Douglas* v. *Haberstro* (25 Hun, 262); affirmed in this respect though reversed in others. (88 N. Y., 611.)

The case of *McKay* v. *Harrower* (27 Barb., 463) is not in conflict with the proposition stated. That was a case *sui generis*, presenting the question of the liability of an ex-sheriff in regard to property attached by him, but as to which no execution was isued until after his term of office had expired. There are some expressions in the opinion which would indicate that the court intended to declare that the sheriff could avail himself of the fact that the process was voidable, but it is quite evident it was intended to apply to the particular facts and circumstances of that case, which, as already suggested, are totally unlike those herein. It may be said here, as pertinent to the subject, that in *James* v. *Gurley* (48 N. Y., 163) it was held where a sheriff, after he had returned an execution *nulla bona*, with the consent of the plaintiff's attorney and the county clerk, procured the same from the clerk's office, erased the return, and by virtue thereof levied upon and sold property, that the execution was irregular but not void, and that the deputy sheriff having treated it as valid process, neither he nor his principal could refuse to answer for the money collected thereon.

It has already been suggested that the execution was *functus officio*

because of the sale of property under it; and by the purchase, which was made upon the sale of Bogert, the right of the grantee of the judgment debtor to redeem, under the sections of the Code already mentioned, arose at once and was established, and that right she sought to exercise. It is stated as a rule in Crocker on Sheriffs, that when property is struck off, the sale is complete, and if the purchaser refuses to take the property and pay the bid, the officer may recover the price of the purchase, or he may sell property, so as to recover from him the difference if any between his bid and the second sale, and that when the plaintiff has bid off goods the sheriff has no right to allow him to withdraw his bid. (Sec. 487). And so when the sale took place under the first execution the right to redeem sprung immediately into existence as against the plaintiff in the judgment at least.

It thus appears that the sale which took place under the first execution was binding upon the plaintiff, the defendant in the execution not having interposed any objection, and that the plaintiff's testator being the grantee of the judgment debtor, took the proper steps to redeem; that the second execution was unauthorized under the circumstances, and that therefore the sheriff was bound to execute the certificate to the plaintiffs' testator and to comply with the statute in such cases made and provided in all respects; and it follows that unless some error was made in the admission or exclusion of evidence upon the trial, the judgment should be affirmed.

An examination of the exceptions has led to the conclusion that they are valueless. The assumed effort to show that the sale under the first execution was never completed, was wholly immaterial, for the reason that the sale having been made all the legal consequences provided for in such a contingency must follow. The erroneous finding as to the time when the tender was made, is a matter of no consequence whatever, because the attempted countermand has no validity. The evidence in reference to the property owned by the judgment debtor Thomas, assuming it to have been immaterial and incompetent, could by no possibility have prejudiced the defendant. This is all it is deemed necessary to say in reference to the exceptions.

The judgment appealed from, must be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.