### WILLIAM G. WALKER and DELOS P. PHELPS, Respondents, v. ISSAC A. ISAACS, Appellant.

*Execution against the person — irregularities in the recital — when amendable — stipulation not to sue for false arrest — power of the court to compel a party to make it — Code of Civil Procedure, secs. 723, 1372, 1489.*

Where an execution issued against the person of a judgment debtor is defective, in that it fails to specify by name the county to which an execution against property has been issued and returned unsatisfied, the defect may be cured by an amendment to the execution, to be ordered by the court under section 723 of the Code of Civil Procedure.

*Quære,* as to whether it is sufficient to recite in the execution against the person "that an execution against the property of the judgment debtor has been duly issued to the sheriff of the county where the said judgment debtor resides, and returned unsatisfied.

Upon vacating an execution against the person for irregularities therein, the court may compel the defendant to stipulate that he will not sue for the arrest, or for false imprisonment under the execution.

Appeal by the defendant from portions of an order made at Special Term, upon the hearing of a motion to vacate and set aside an execution issued against the person of the defendant.

*Daniel P. Hays*, for the appellant.

*W. S. Logan*, for the respondents.

DYKMAN, J. :

This defendant made a motion at Special Term to set aside an execution in this action, issued against his person on the judgment therein, for irregularity and as a nullity in that the execution did not specify the county to which an execution against the property of the defendant had been issued, and for the further reason that the execution against the person was not warranted by the complaint in the action. This last reason is plainly frivolous and unfounded, because the complaint in the action was for the unlawful conversion of personal property.

The first point alone requires examination. The execution contains this recital : " And whereas, an execution against the property of the judgment debtor has been duly issued to the sheriff of the county where the said judgment debtor resides, and returned unsatisfied." In such a case as this no execution againt the person can be issued until an execution against property has been issued to the county where the defendant resides and returned wholly or partly unsatisfied (Code, § 1489), and such execution against the person must recite the issuing and return of such execution against the property specifying the county to which it was issued. (Code, § 1372.) The object of this last section is to prevent the arrest of a judgment debtor on a body execution before the remedy against his property is exhausted, and to enable him to obtain appropriate relief if any objection can be taken to any of the anterior proceedings. It is by no means clear under this view that the specification of the county in this execution is insufficient, but as the plaintiff has not appealed from the order that question cannot be examined or determined.

This case is not like *Reilly's case* (58 How., 218), because there no county was specified. The language was there " the proper county." That gave no information to the defendant, while here he was informed that the execution against his property had been issued to the county where he resided. The execution was not void and the defect was curable by amendment. The court may at any stage of the action amend any process or pleading by correcting

any mistake or by inserting an allegation material to the case. (Code, § 723.)

In the case of *Thayer* (20 Hun, 547) the execution against the person failed to require the sheriff to return it to the proper clerk, within sixty days from its receipt, and it was there held that the execution was not void, and that an order to amend the same should be granted as a matter of course. In the case of *Douglas* v. *Haberstro* (88 N. Y., 618) the body execution did not direct the time of the return, and the Court of Appeals decided that the omissions was a mere irregularity and might be supplied by amendment.

The motion to set aside the execution was granted " provided and upon condition that the defendant stipulates not to sue for the arrest or for any imprisonment on or by virtue of said execution, and in default of said stipulation being made and delivered to the plaintiff's attorney within five days after service of a copy of this order : it is ordered, that said execution be and the same hereby is amended *nunc pro tunc* as of the date when the same was issued by inserting at the end of the fifteenth line thereof the words ' the county of Rockland,' so that when so amended the said execution will recite that an ' execution against the property of the judgment-debtor has been duly issued to the sheriff of the county of Rockland, the county where the said judgment-debtor resides, and returned unsatisfied ; ' and as so amended that the said execution stand."

From the portion of the order requiring the stipulation and amending the execution, if it was not given, the defendant has made this appeal. We have stated that the omission in the execution might be supplied by amendment, and so we find the last portion of this order unobjectionable. Our conclusion is also that the requirement of the stipulation to refrain from suing for false imprisonment, was a proper exercise of the power of the court.

The error in the execution was, at most, but technical and harmless. The defendant was informed by the recitation that an execution against his property had been issued to the county of his residence, and this enabled him to institute an inquiry in the proper place if any mistake had intervened. The whole object of the legislation in his favor was thus accomplished, and he has sus-

tained no injury and been the victim of no wrong. The papers before us show that everything was, in fact, regular and the first execution went to the county where the defendant resided.

The power of the court to require stipulations as a condition of relief has been so generally and so frequently exerted, and is so well settled, that we do not enter on its examination. If it is to be denied or limited, it should be by a court whose decisions have binding authority over the whole State.

The order should be affirmed, with costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred.

Order affirmed, with costs and disbursements.